The Chancellor.
As the case is presented by the bill and answer, I think the injunction should not be dissolved. The defendant’s counsel claimed to have the injunction dissolved on. account of the complainant’s delay in bringing the cause to a final hearing. But I have no means afforded me of ascertaining how far the complainant is in laches in this respect. The only records before me are the bill and answer. Besides, where an answer has been filed, and on a motion to dissolve an injunction the defendant relies upon anything except a want of equity in the bill, and that the equity of the bill is answered, he must specify in his notice the grounds upon which he rests for a dissolution. The propriety of this is obvious. On a motion to dissolve for want of equity in the bill, or because the equity is answered, the other party cannot read affidavits in opposition to the motion. But this rule has no application where the motion is based upon some technical ground merely. In the present case, the complaint is the negligence of the solicitor. It is proper that the solicitor should have an opportunity of being heard by affidavits. But not being apprized of the ground taken, he is deprived of this privilege. He can only read affidavits which have been served four days, or which have been taken upon notice. The grounds relied upon are a surprise upon the opposite party.
The motion is denied, but without ‘ costs. The complainant must notice his cause for final hearing for the first day of the next term.